NOT DESIGNATED FOR PUBLICATION

No. 116,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT ALLEN TIBBITS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed September 15, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Scott Allen Tibbits appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Tibbits' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm the district court.

On November 7, 2014, Tibbits pled no contest to two counts of aggravated battery. The district court sentenced Tibbits to 36 months' imprisonment but placed him on probation for 24 months. Tibbits did not appeal his original sentence.

1

Tibbits twice admitted to violating the terms of his probation in June 2015 and July 2015, waived his right to a probation violation hearing both times, and agreed to serve a two-day quick dip jail sanction for each incident.

On July 21, 2015, the State moved to revoke Tibbits' probation for the third time, alleging various probation violations including accruing several new misdemeanor convictions, failing to abide by a court-ordered protection from abuse order, failing urinalysis tests, and failing to report as directed. At his August 20, 2015 revocation hearing, Tibbits admitted to the State's allegations. The district court ordered Tibbits to serve a 120-day prison sanction. After being released back into the community from the 120-day prison sanction, Tibbits was charged with, and admitted to, five additional violations of his probation. Tibbits waived his right to probation violation hearings and agreed to serve two-day quick-dip jail sanctions for each additional violation.

On July 12, 2016, the State again moved to revoke Tibbits' probation for violating several terms of his probation, including failing to report as directed and failing several urinalysis tests. At his August 19, 2016 revocation hearing, the court determined that Tibbits had violated the terms of his probation. Tibbits requested a 180-day prison sanction and an order that he receive drug and mental health treatment. The court noted that Tibbits already had received several two-day quick dip sanctions and a 120-day intermediate prison sanction. As a result, the district court revoked Tibbits' probation and ordered him to serve his prison sentence.

On appeal, Tibbits argues the court abused its discretion by revoking his probation. Unless otherwise required by law, placement on probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). We will not find the district court abused its discretion unless we can say the court's

action:  (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Wells*, 289 Kan. 1219, 1226, 221 P.3d 561 (2009). Tibbits has not met this burden.

In support of his argument that the district court abused its discretion in revoking his probation, Tibbits claims he would be better served by remaining on probation so he could receive treatment for his drug addiction and his mental health concerns. But Tibbits is asking us to reweigh the evidence, which we cannot do under an abuse of discretion standard of review. The evidence in the record clearly supports the district court's decision to revoke Tibbits' probation. Tibbits admits that requiring him to serve the prison sentence imposed is an authorized disposition under K.S.A. 2016 Supp. 22-3716(c)(1)(E) based on the facts presented. Tibbits had numerous substantiated probation violations throughout his time on probation, and he continued to violate the terms of his probation. His repeated inability to comply with the district court's directives demonstrates that he was not amenable to probation. Under these circumstances, the court's decision to revoke Tibbits' probation was not arbitrary, unreasonable, or fanciful. Consequently, we find no abuse of discretion in the district court's decision.

Affirmed.